## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

JUAN CRISPIN,                )
                                       )
              Petitioner,    )
    v.                          )
                                       )     **Civil Action No. 2011-0026**
JULIUS WILSON, Director of      )
Corrections for the Virgin Islands  )
Department of Corrections,      )
                                       )
              Respondent.    )
_____)

**Appearances:**
**Juan Crispin,** *Pro Se*
St. Thomas, U.S.V.I.

**Raymond T. James, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

### ORDER ADOPTING IN PART AND MODIFYING REPORT AND RECOMMENDATION AND DISMISSING PETITION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge George W. Cannon, Jr. filed pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. No. 28).

In a Petition for Habeas Corpus filed pursuant to the Virgin Islands habeas statute, 5 V.I.C. § 1301, Petitioner Juan Crispin ("Crispin") alleged that, in October 2002, he was transferred to the Virginia Department of Corrections ("VDOC") (Red Onion State Prison) pursuant to a contractual agreement between the Virgin Islands and the Commonwealth of Virginia. (Dkt. No. 1). He further alleged that VDOC implemented a grooming policy prohibiting growth of long hair or beards, and Crispin was ordered to comply with that grooming policy. As a follower of the Rastafarian religion,

he objected on religious grounds, was placed in segregation, and received multiple disciplinary charges. (*Id.*) In addition, Crispin alleged that during his eight years of confinement at Red Onion, Virgin Islands Bureau of Corrections representatives interviewed him. During those interviews, he inquired about his chances of being transferred back to the Virgin Islands, and reported that he had been punished for violating the VDOC grooming policy. (*Id.*) Crispin asserted that he was told that he would have to conform to VDOC rules, including the grooming policy, in order to transfer to the Virgin Islands. (*Id.*)

In his Petition, Crispin raised three grounds for discharge from imprisonment: his sentence and punishment was subject to Virginia laws, which (a) were inconsistent with Virgin Islands laws, entitling him to discharge under 5 V.I.C. § 1314(1), and (b) infringed on his religious and due process rights, entitling him to discharge under 5 V.I.C. § 1314(2). He also claimed that his transfer to VDOC denied him due process and jeopardized rights that he would otherwise have retained if he was incarcerated in the Virgin Islands, thereby violating 5 V.I.C. § 4503(c) and entitling him to discharge under 5 V.I.C. §§ 1314(2) and (3). (*Id.*)[1]

In the R&R, Magistrate Judge Cannon recommended that the Court dismiss Crispin's Petition for Habeas Corpus pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the grounds that Crispin's claims did not fall within either the Virgin Islands or the federal habeas statutes. Magistrate Judge Cannon further found that because Crispin took issue with where he was confined, which did not affect the validity or length of his sentence pursuant to habeas, he would undertake an analysis

---

[1] 5 V.I.C. § 1314 provides, in relevant part: "If it appears on the return of the writ that the prisoner is in custody by virtue of process from any court or judge or officer thereof, such prisoner may be discharged in any of the following cases, subject to the restriction of section 1313 of this title: (1) When the jurisdiction of such court or officer has been exceeded. (2) When the imprisonment was at first lawful, yet by some act, omission, or event which has taken place afterwards, the party has become entitled to a discharge. (3) When the process is defective in some matter of substance required by law rendering such process void." 5 V.I.C. § 1314(1), (2), (3).

under 42 U.S.C. § 1983. The Magistrate Judge found that because inmates had no constitutionally protectable liberty interest in being housed at a particular facility, such a claim was not cognizable under that statute. *Id.*

This Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made pursuant to 28 U.S.C. § 636(b)(1)(C). Here, objections to the R&R were due within fourteen days after Petitioner Crispin was served with a copy, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that a copy of the R&R was mailed to Crispin at the address on file on March 17, 2016. (Dkt. No. 29). No objections have been filed.

Because no objections to the R&R were filed, this Court reviews the R&R under the "plain error" standard. *Roman v. Overmyer,* 2017 WL 517813, at *1 n.1 (E.D. Pa. Feb. 8, 2017). Under this standard of review, "an R&R should only be rejected if the magistrate judge commits an error that was '(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007)).

The docket report shows that, in July 2014, Crispin informed the Court that he is now incarcerated in the Alexander A. Farrelly Justice Complex on St. Thomas, Virgin Islands. (Dkt. No. 27). Given that Crispin has been transferred back to the Virgin Islands—which transfer was at the foundation of the relief that he sought in his Petition—it appears that his claims are now moot and the Petition may be dismissed on that basis. However, in an abundance of caution, the Court will review the Magistrate Judge's R&R which recommended dismissal of the petition on other grounds.

As previously noted, the Magistrate Judge found that because Crispin was not challenging the lawfulness of his imprisonment or the cause of his imprisonment, but rather the execution of his sentence, his claims did not fall within the Virgin Islands habeas statute. (Dkt. No. 28 at 3). However, the issue of jurisdiction must be addressed before the Court addresses the merits of Crispin's claims. *Lora v. NHS, Inc.*, 662 F. App'x 144, 146 (3d Cir. 2016) ("Before addressing the merits of any dispute, we must satisfy ourselves that we possess jurisdiction to hear the matter.") (citing *Interdynamics, Inc. v. Firma Wolf*, 698 F.2d 157, 164 (3d Cir. 1982)).

Under the plain error standard, the Court finds that although it arrives at the same conclusion reached by the Magistrate Judge in his Report & Recommendation—that the petition must be dismissed—it finds that the Magistrate Judge committed plain error in failing to first address the District Court's jurisdiction, and in so doing to conclude that the District Court does not have jurisdiction over Crispin's habeas petition. As a result, it will adopt the conclusion reached by the Magistrate Judge in his R&R, but will modify the reasoning leading to that conclusion.

In *United States v. Josiah*, Crim. No. 1999-0016-4, Crispin was prosecuted for both federal and local crimes in the District Court of the Virgin Islands. Because it is a federal court in a United States Territory, the District Court of the Virgin Islands is established under Article IV of the Constitution, which authorizes Congress to make rules and regulations for the territories. Pursuant to that authority, Congress enacted the Organic Act of 1936—which was later amended in 1954 and 1984 and known as the "Revised Organic Act"—that established, *inter alia*, the jurisdiction of the District Court. Under the Revised Organic Act, the District Court has concurrent jurisdiction with the local court "over criminal actions in which the local crimes charged are related to federal crimes. *See* 48 U.S.C. § 1612(c); *United States v. Hodge*, 211 F.3d 74, 75 n.1 (3d Cir. 2000)."

*Callwood v. Enos,* 230 F.3d 627, 631 (3d Cir. 2000). It was under this concurrent jurisdiction that Crispin was prosecuted in the District Court.

Although he was prosecuted for both local and federal crimes, the only ground upon which Crispin seeks relief in his habeas petition is pursuant to the Virgin Islands habeas statute, which provides: "Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint." 5 V.I.C. § 1301.

In *Callwood*, the Third Circuit reviewed the changes in habeas jurisdiction wrought, in particular, by the 1984 amendments to the Revised Organic Act. In 1983, Callwood was convicted of local crimes in the District Court of the Virgin Islands. In 1997, he filed a habeas petition in District Court seeking relief under the local habeas statute. Callwood's effort to seek habeas relief was rejected on jurisdictional grounds. The Third Circuit stated that, "as of October 1, 1991, the District Court of the Virgin Islands was divested of jurisdiction to consider petitions for writs of habeas corpus under territorial habeas corpus law," *Callwood*, 230 F.3d at 632, and noted that, "to the extent that § 1303 vests jurisdiction in the District Court over a habeas action brought under that section, it too has been repealed."[2] *Id.; see also Parrott v. Gov't of V.I.*, 230 F.3d 615, 621 (3d Cir. 2000) (opining that because District Court of the Virgin Islands is divested of jurisdiction for all civil actions, including habeas proceedings, the correct forum for a petitioner's habeas petition brought in District Court under the local habeas statute is not the District Court but the Superior Court).

---

[2] 5 V.I.C. § 1303 provides: "The writ of habeas corpus may be granted by the district court, upon petition by or on behalf of any person restrained of his liberty."

This holding—that the District Court lacks jurisdiction over a habeas petition brought under the local habeas statute—has been applied in circumstances where a petitioner was convicted of both territorial and federal crimes in District Court and sought habeas relief under the local statute. In *Oveson v. Virgin Islands*, the Appellate Division of the District Court cited *Callwood, Parrott, Walker v. Gov't of the V.I.,* 230 F.3d 82 (3d Cir. 2000), and *Moreno v. Gov't of the V.I.*, 2010 U.S. Dist. LEXIS 18558 (D.V.I. Mar. 2, 2010), for the proposition that the Superior Court has exclusive jurisdiction over a habeas petition filed under local law—even where the underlying criminal conviction in District Court was for both local and federal offenses. *Oveson*, 2011 WL 1598169, at *4 (D.V.I. App. Div. Apr. 26, 2011). As the Court in *Oveson* stated: "Where the petitioner chooses to file a petition under the local statute, the Superior Court has exclusive jurisdiction." *Id.*

Here, Crispin sought habeas relief solely under the local habeas statute. Accordingly, the Court does not have jurisdiction over Crispin's petition and will dismiss it on that ground.

Apparently adopting a liberal construction of Crispin's *pro se* habeas petition, Magistrate Judge Cannon addressed whether Crispin's challenge to the execution of his sentence or the way it was carried out would be cognizable under the federal habeas statute found at 28 U.S.C. § 2241. *See Strong v. Town of Smyrna, Del.*, 627 F. App'x 92, 93 n.2 (3d Cir. 2015) (noting the "liberal standard for construing *pro se* pleadings") (internal quotation marks omitted); *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (observing that it is the "policy of the courts to give a liberal construction to *pro se* habeas petitions") (internal quotation marks omitted). As the R&R correctly concluded, in the Third Circuit, habeas challenges under § 2241 are limited to a showing that the conditions of a prisoner's confinement are "'inconsistent with a command or recommendation in the sentencing judgment.'" *Gillette v. Territory of V.I.*, 563 F. App'x 191, 194 (3d Cir. 2014)

(quoting *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012)). Crispin did not make such an allegation in his petition (Dkt. No. 1), nor could he. *See* R&R, Dkt. No. 28 at 3. The Court will therefore adopt that part of the R&R that found that, even if Crispin had pleaded his claims under the federal habeas statute, they would not be cognizable in this Court.

In reviewing Crispin's habeas petition liberally, Magistrate Judge Cannon also construed the filing as asserting a claim under 42 U.S.C. § 1983 insofar as Crispin claimed that he had a protectable liberty interest in not being transferred to Virginia and that he was transferred there without due process. (Dkt. No. 28 at 4, n.5).[3] The Magistrate Judge stated that the Court need not reach the question of exhaustion of administrative remedies, which was raised by Defendants since, on the merits, there was "no constitutionally protected liberty interest in being housed at a particular facility." (*Id.* at 4-5, quoting *Dominguez v. Gov. of Pa.*, 574 F. App'x 63, 65 n.1 (3d Cir. 2014)); *see also Chavarriaga v. N.J. Dep't of Corrs.*, 806 F.3d 210, 225 (3d Cir. 2015) ("[A]n inmate does not have the right to be 'placed in any particular prison[.]'") (quoting *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). The Court will therefore adopt that part of the R&R that found that, even if Crispin had pleaded his claims under § 1983, they would not be cognizable in this Court.

Accordingly, it is hereby

---

[3] To the extent that Crispin raised a § 1983 claim when he alleged that Virginia laws implemented by VDOC infringed on his religious and due process rights, such a claim would not be cognizable in the District Court of the Virgin Islands, pursuant to the text of the statute, which provides that "[e]very person who, under color of any statute. . . of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person *within the jurisdiction thereof* to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. Thus, Crispin would have to bring a § 1983 cause of action in Virginia in order to challenge the alleged infringement by the Virginia Department of Corrections of his religious and due process rights under Virginia law.

**ORDERED** that Magistrate Judge Cannon's Report and Recommendation is **ADOPTED IN PART**, to the extent that it recommends dismissal of Crispin's habeas petition, and to the extent that it found that, even if Crispin had pleaded his claims under the federal habeas statute and 42 U.S.C. § 1983, the petition would not be cognizable in this Court; and it is further

**ORDERED** that Magistrate Judge Cannon's Report & Recommendation is **MODIFIED** to the extent that the Court finds that the District Court has no jurisdiction over a petition for habeas corpus filed pursuant to the Virgin Islands habeas statute, 5 V.I.C. § 1301, and dismisses the petition on that ground; and it is further

**ORDERED** that Respondent's Motion to Dismiss (Dkt. No. 23) is **GRANTED** for the reasons stated herein; and it is further

**ORDERED** that Petitioner Juan Crispin's Petition is **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court shall mark this case **CLOSED**; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Order to Petitioner Crispin by certified mail, return receipt requested.

**SO ORDERED**.

Date: March 16, 2017

_____/s/_____
WILMA A. LEWIS
Chief Judge

8